*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HARRELL, de GROOT and KORN
_____

**UNITED STATES**
*Appellee*

**v.**

**Beto L. VALDEZ, Jr.**
Sergeant (E-5), U.S. Marine Corps
*Appellant*

**No. 202300141 (f rev)**

_____

Decided: 31 October 2025

Appeal from the United States Navy-Marine Corps Trial Judiciary
*upon remand from the Court of Appeals for the Armed Forces*

Military Judge:
Andrea C. Goode

Sentence adjudged 14 February 2023 by a general court-martial convened at Marine Corps Base Camp Pendleton, California, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 36 months, and a dishonorable discharge.[1]

For Appellant:
*Lieutenant Commander Benjamin E. Doskocil, JAGC, USN*

---

[1] Appellant was credited with 137 days of pretrial confinement.

For Appellee:

*Lieutenant Michael A. Tuosto, JAGC, USN*
*Lieutenant Lan T. Nguyen, JAGC, USN*

---

**This opinion does not serve as binding
precedent, but may be cited as persuasive
authority under NMCCA Rule of Appellate
Procedure 30.2.**

---

PER CURIAM:

This case is before us upon remand from the Court of Appeals for the Armed Forces (CAAF), which affirmed our decision as to the findings, but set aside our decision as to the sentence.[2]

## I. BACKGROUND

Appellant was charged with four specifications of domestic violence in violation of Article 128b, Uniform Code of Military Justice (UCMJ) and one specification of sexual assault in violation of Article 120, UCMJ.[3] He ultimately pleaded guilty to three specifications of violating Article 128b in accordance with a plea agreement. Appellant filed an appeal with this Court arguing that the military judge abused her discretion in sentencing when she allowed the victim to make an unsworn statement that exceeded what was allowed under Rule for Courts-Martial (R.C.M.)1001(c). This Court found the military judge did not abuse her discretion in allowing the victim to discuss matters that showed a continuing course of conduct and put Appellant's offenses into context, and even if there had been an abuse of discretion, there was no prejudice to Appellant.[4]

---

[2] *United States v. Valdez*, 85 M.J. 409 (C.A.A.F. 2025) (mem.).

[3] 10 U.S.C. §§ 928b, 920.

[4] *United States v. Valdez*, No. 202300141, 2024 CCA LEXIS 393 (N-M. Ct. Crim. App. September 26, 2024) (unpublished). This Court found no prejudice based on the strength of the evidence provided in the Government's case in aggravation and the

Appellant appealed this decision to the CAAF. In light of its decision in *United States v. Campos*, the CAAF answered the granted issue in the affirmative, concluding that "the military judge abused her discretion in allowing the unsworn victim impact statement to provide, over Defense objection, a detailed description of various incidents of domestic violence and sexual assault to which Appellant had pleaded not guilty."[5] The CAAF affirmed our decision as to the findings, but set aside our decision as to the sentence, sending the case back to this Court to either reassess the sentence or to order a sentence rehearing.[6]

## II. DISCUSSION

While the CAAF concluded that the military judge abused her discretion, it did not explicitly determine, as it did in *Campos*, whether this error caused prejudice by substantially influencing the sentence.[7] Since the CAAF summarily set aside our decision as to the sentence and left us with the only options of reassessing the sentence or ordering a sentence rehearing, we must presume that the CAAF, unlike in *Campos* and in disagreement with our initial decision in this case, concluded that the error was prejudicial.[8]

---

relatively weak evidence admitted in Appellant's sentencing case, as well as the military judge's statement that the victim impact statement was a matter for consideration and not evidence. *Id.* at \*12-13.

[5] *Valdez*, 85 M.J. at 409; *United States v. Valdez*, 85 M.J. 371 (C.A.A.F. 2025). In *United State v. Campos*, the CAAF found that victim impact is restricted to two elements: the offenses for which the accused has been found guilty and the impact of those offenses on the victim. 85 M.J. 310, 315 (C.A.A.F. 2025). "[A]ccusations of uncharged conduct were not 'victim impact' within the meaning of R.C.M. 1001(c)(2)(B) and . . . including these accusations in the unsworn statement violated R.C.M. 1001(c)(3)." *Id.*

[6] *Valdez*, 85 M.J. at 409.

[7] *See id.* In *Campos*, the CAAF, after finding the victim impact statement violated R.C.M. 1001(c), determined prejudice using the test as stated in *United States v. Hamilton*, 78 M.J. 335, 343 (C.A.A.F. 2019) and applied it to the victim impact statement. *Campos*, 85 M.J. at 316.

[8] *See* Article 59(a), UCMJ ("A finding *or sentence* of a court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused." (emphasis added)); *United States v. Harrington*, 83 M.J. 408 (C.A.A.F. 2023) (remanding to the Court of Criminal Appeals to either reassess the sentence or order a sentence rehearing after finding error during sentencing *and* determining such error substantially influenced the sentence); *United States v. Edwards*, 82 M.J. 239 (C.A.A.F. 2022) (same).

To determine if we can reassess the sentence, we consider the totality of the circumstances, including the illustrative factors set forth in *United States v. Winckelmann.*[9] The general penalty landscape and exposure have not changed; Appellant's sentence was adjudged by a military judge in accordance with a plea agreement; the aggravating evidence and the portions of the victim impact statement discussing the offenses to which Appellant pleaded guilty have not changed; and we have the requisite experience to reliably determine what sentence would have been imposed at trial absent error. If "absent any error, the sentence adjudged would have been of at least a certain severity, then a sentence of that severity or less will be free of the prejudicial effects of error."[10] Applying the above analysis to our consideration of the entire record, to include the plea agreement, we are convinced that absent the error, Appellant would have received total confinement of 36 months,[11] reduction to E-1, and a dishonorable discharge. We further determine this to be an appropriate sentence for the offenses to which Appellant has pleaded guilty.

### III. CONCLUSION

The sentence as reassessed is **AFFIRMED.**[12]



FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[9] 73 M.J. 11 (C.A.A.F. 2013).The *Winckelmann* factors are: (1) is there a dramatic change in the penalty landscape and exposure; (2) whether an appellant chose sentencing by a military judge or members; (3) whether the nature of the remaining offenses capture the gravamen of criminal conduct and whether significant or aggravating circumstances addressed at the court-martial remain admissible and relevant to the remaining offense; and (4) whether the remaining offense are of the type that judges of this Court have the experience and familiarity with to reliably determine what sentence would have been imposed at trial. *Id.* at 12.

[10] *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986).

[11] We considered each offense in turn and determined 24 months of confinement each for Specification 1 and 2 and 36 months of confinement for Specification 4 would have been adjudged, to run concurrently for a total of 36 months of confinement.

[12] Articles 59 and 66, UCMJ.